## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |
|---|---|
| BWIMBA PASCAL SHUMBUSHO, and BERNADETTE MUSIANIWABO, ) ) ) ) Petitioners, ) ) v. ) ) MARK GOOCH, et al., ) ) Respondents. ) | Civil Action No. 05-0780 |

**ORDER**

This matter comes before the Court on Petitioners' Motion to Expedite Release. Petitioners claim that their continued immigration detention is unlawful because they have been in detention for immigration purposes for more than six months and there is no likelihood of their removal in the foreseeable future.

Petitioners are natives of the Democratic Republic of Congo (Congo) and are citizens of Congo and Rwanda. In December 2004 Petitioners submitted visa applications to the United States Embassy in Kigali, Rwanda. Petitioners specifically applied for "non-immigrant visas," allowing them to temporarily travel to the United States as tourists. The United States Embassy in Kigali issued Petitioners non-immigrant visas, and Petitioners used those visas to enter the United States on April 9, 2005, via the

Dulles International Airport.

Upon their arrival in the United States, Petitioners were detained for making false statements to officials of the Department of Homeland Security (DHS). See 18 U.S.C. § 1001(a) (2000). Due to these false statements, criminal complaints were filed against Petitioners in this Court. Ultimately, however, the United States Attorney for the Eastern District of Virginia exercised his prosecutorial discretion and dismissed the criminal charges filed against Petitioners.

As Petitioners had not been admitted to the United States, they were returned to the Dulles International Airport to reapply for admission to the United States. During separate individual interviews with DHS officials, Petitioners both stated that they had made misrepresentations when applying for their non-immigrant visas. Petitioners confessed that they did not intend to temporarily stay in the United States as tourists, but that they intended to remain in the United States on a permanent basis and apply for asylum. As a result of this misrepresentation on their non-immigrant visa applications, Petitioners were found by DHS officials to be inadmissible to the United States. See 8 U.S.C. § 1182(a)(6), (7). Petitioners were placed in removal proceedings in which they have requested asylum. Those proceedings are ongoing and have not yet resulted in a final Order of Removal. Jurisdiction in this matter is proper under 28 U.S.C. § 2241.

Petitioners claim that their continued immigration detention is unlawful because they have been in detention for immigration purposes for more than six months and there is no likelihood of their removal in the foreseeable future. This argument is based on the Supreme Court's recent interpretation of 8 U.S.C. § 1231(a)(6), in Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 125 S. Ct. 716 (2005). In Zadvydas and Clark, the Supreme Court interpreted § 1231(a)(6) to provide that the government is entitled to continue to detain an inadmissible alien for up to six months after his or her removal order becomes final while it attempts to remove the alien from the United States. See Clark, 125 S. Ct. at 729; Zadvydas, 533 U.S. at 699-700. While Petitioners have been detained since April 9, 2005, their removal proceedings are still pending and no Order of Removal has been issued. Therefore, the six-month time limit does not apply in this case. Petitioners' removal proceedings are still pending and a final Order of Removal has not been issued, it is hereby

ORDERED that Petitioners' Motion to Expedite Release is DENIED.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 12, 2005